**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT MINUTOLA<br>1217 Thistlewood Lane<br>West Chester, PA 19380 | : <br>: <br>: <br>: | CIVIL ACTION - LAW |
| v. | : <br>: | CASE NO.: 08-222 |
| RICHARD DAVID SPIERING<br>25329 Calvert Road<br>Box 52<br>Greensboro, Maryland 21639 | : <br>: <br>: <br>: <br>: | JURY TRIAL DEMANDED |
| and | : <br>: | |
| THOMAS ERIC LONG<br>610 D 4H Park Road<br>Queenstown, Maryland 21658 | : <br>: <br>: <br>: | |
| and | : <br>: | |
| MIGUEL ANGEL GAMBOA<br>27088 Marydel Road<br>Marydel, Maryland 21649 | : <br>: <br>: <br>: | |
| and | : <br>: | |
| DONALD L. GIVENS<br>10379 Airport Road<br>Seaford, Delaware 19973 | : <br>: <br>: <br>: | |
| and | : <br>: | |
| CARIE ANN GIVENS<br>10497 Airport Road<br>Seaford, Delaware 19973 | : <br>: <br>: <br>: | |

## COMPLAINT

Plaintiff, Robert Minutola, by and through the undersigned counsel, complain about Defendants, as follows:

1. At all times herein concerned, Plaintiff, Robert Minutola is an individual and citizen of the Commonwealth of Pennsylvania, residing at 1217 Thistlewood Lane, West Chester, Pennsylvania 19380.

2. At all times herein concerned, Defendant, Richard David Spiering, is an adult individual and citizen of the State of Maryland, residing at 25329 Calvert Road, Greensboro, Maryland 21639.

3. At all times herein concerned, Defendant, Thomas Eric Long, is an adult individual and citizen of the State of Maryland, residing at 610 D 4H Park Road, Queenstown, Maryland 21658.

4. At all times herein concerned, Defendant, Miguel Angel Gamboa, is an adult individual and citizen of the State of Maryland, residing at 27088 Marydel Road, Marydel, Maryland 21649.

5. At all times herein concerned, Defendant, Donald L. Givens, is an adult individual and citizen of the State of Delaware, residing at 10379 Airport Road, Seaford, Delaware 19973.

6. At all times herein concerned, Defendant, Carie Ann Givens, is an adult individual and citizen of the State of Delaware, residing at 10497 Airport Road, Seaford, Delaware 19973.

7. At all times herein concerned, Plaintiff, Robert Minutola, operated and controlled a 2004 Freightliner Box Truck, bearing Indiana license plate # 255416, which was involved in the hereinafter mentioned collision.

8. At all times herein concerned, Defendant, Richard David Spiering, owned, operated, maintained, serviced and controlled a 2004 GMC Sierera pick-up truck bearing

Maryland registration plate # 28268FT, which was involved in the hereinafter mentioned collision.

9. At all times herein concerned, Defendant, Thomas Eric Long, owned, maintained, serviced and controlled a 2001 Ford F150 Pickup Truck, bearing Maryland registration plate # 18L884, which was involved in the hereinafter mentioned collision.

10. At all times herein concerned, Defendant, Miguel Angel Gamboa, operated and controlled the aforesaid 2001 Ford F150 Pickup Truck, as the agent, servant, workman and/or employee of the Defendant, Thomas Eric Long, and acting with the business of said Defendant, Thomas Eric Long, and acting within the scope of his employment or agency by said Defendant, Thomas Eric Long.

11. In the alternative, at all times herein concerned, Defendant, Miguel Angel Gamboa operated and controlled the aforesaid 2001 Ford F150 Pickup Truck in his individual capacity with the knowledge and permission of Defendant, Thomas Eric Long.

12. At all times herein concerned, Defendant, Donald L. Givens, owned, maintained, serviced and controlled a 2000 Chevrolet Van, bearing Delaware registration plate # PC172590, which was involved in the hereinafter mentioned collision.

13. At all times herein concerned, Defendant, Carie Ann Givens, operated and controlled the aforesaid 2000 Chevrolet Van, as the agent, servant, workman and/or employee of the Defendant, Donald L. Givens, and acting with the business of said Defendant, Donald L. Givens, and acting within the scope of her employment or agency by said Defendant, Donald L. Givens.

14. In the alternative, at all times herein concerned, Defendant, Carie Ann Givens, operated and controlled the aforesaid 2000 Chevrolet Van in her individual capacity with the knowledge and permission of Defendant, Donald L. Givens.

15. This Court has jurisdiction based upon diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. § 1332.

16. On or about August 22, 2006, at approximately 1:55 p.m., several motor vehicles, including the Plaintiff's 2004 Freightliner Box Truck were traveling northbound on US 13 (Sussex Highway), near its intersection with Concord Road, Sussex County, Delaware. While Plaintiff's vehicle was stopped for a red light, the Defendants, individually and/or jointly, caused their vehicles to strike the rear of the last motor vehicle in the line of traffic, causing a chain reaction collision, whereby Defendant, Spiering's motor vehicle struck Defendant Gamboa's motor vehicle, which in turn struck Defendant Givens' motor vehicle, causing a rear end collision with Plaintiff's motor vehicle, whereby Plaintiff sustained severe and permanent injuries, as more fully set forth hereinafter.

## COUNT I

### ROBERT MINUTOLA v. RICHARD DAVID SPIERING

17. Plaintiff herein incorporates by reference the allegations contained in paragraphs 1 through 16 above, inclusive, as fully as though the same were set forth herein at length.

18. The aforesaid collision was caused by the recklessness, carelessness and negligence of the Defendant, Richard David Spiering, and consisted of the following:

    a. Failing to stop for traffic at a red light;

    b. Failing to maintain a safe distance between vehicles;

    c.    Failing to have the 2006 GMC Sierra Pick-Up Truck under proper and adequate control under the circumstances;

    d.    Failing to operate the 2006 GMC Sierra Pick-Up Truck at a safe speed under the circumstances;

    e.    Failing to act with due regard for the point and position of all of the motor vehicles on the highway, and in particular, the safety of the Plaintiff;

    f.    Failing to keep a proper and adequate lookout for any motor vehicles traveling on the roadway, and, in particular, the Plaintiff's vehicle;

    g.    Failing to operate the 2006 GMC Sierra Pick-Up Truck, with due care and prudence at the point aforesaid;

    h.    Violating the various ordinances, statutes and laws of the State of Delaware, pertaining to the operation of motor vehicles, including inattentive Driving.

19.    As a result of the aforesaid collision, which was caused by the recklessness, carelessness and negligence of the Defendant, as aforesaid, the Plaintiff, Robert Minutola, suffered injuries which are serious, severe and permanent, including, but not limited to: torn right rotator cuff which required surgical repair; cervical strain and sprain; lumbar strain and sprain; aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

20.    By reason of the injuries sustained as aforesaid, the Plaintiff, Robert Minutola, has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

21. As a further result of the carelessness, negligence and recklessness of the Defendant as aforesaid, Plaintiff has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

22. As an additional result of this incident and negligence of the Defendant, as aforesaid, the Plaintiff, Robert Minutola, has suffered a severe loss of his earnings and impairment of his earning capacity and/or power, and has thereby lost the emoluments which would have come to him through the course of his employment.

23. As a further result of this collision, Plaintiff, Robert Minutola, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

24. As a direct and proximate result of the carelessness and negligence of the Defendant, as aforesaid, Plaintiff, Robert Minutola, has suffered in the past and he will continue to suffer in the future, excruciating and agonizing aches, pains, mental anguish, humiliation, suffering, disfigurement, limitation and restriction of his usual activities, pursuits and pleasures.

WHEREFORE, Plaintiff, Robert Minutola, demands judgment against the Defendant, Richard David Spiering, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

## COUNT II

## ROBERT MINUTOLA v. THOMAS ERIC LONG
### and MIGUEL ANGEL GAMBOA

25.    Plaintiff herein incorporates by reference the allegations contained in paragraphs 1 through 24 above, inclusive, as fully as though the same were set forth herein at length.

26.    The aforesaid collision was caused by the recklessness, carelessness and negligence of the Defendants, individually and/or jointly, and consisted of the following:

   a.   Failing to stop for traffic at a red light;

   b.   Failing to maintain a safe distance between vehicles;

   c.   Failing to have the 2001 Ford Pickup Truck under proper and adequate control under the circumstances;

   d.   Failing to operate the 2001 Ford Pick-Up Truck at a safe speed under the circumstances;

   e.   Failing to act with due regard for the point and position of all of the motor vehicles on the highway, and in particular, the safety of the Plaintiff;

   f.   Failing to keep a proper and adequate lookout for any motor vehicles traveling on the roadway, and, in particular, the Plaintiff's vehicle;

   g.   Failing to operate the 2001 Ford Pick-Up Truck, with due care and prudence at the point aforesaid;

   h.   Violating the various ordinances, statutes and laws of the State of Delaware, pertaining to the operation of motor vehicles, including inattentive Driving.

      i.      Defendant, Thomas Eric Long, negligently consented and entrusted his vehicle to Defendant Miguel Angel Gamboa, who he knew or should have known, would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness.

      j.      Defendant, Thomas Eric Long, in being otherwise careless, reckless, negligent and wanton in the operation and entrustment of his vehicle or in selection or training of his agents, servants or employees.

27. As a result of the aforesaid collision, which was caused by the recklessness, carelessness and negligence of the Defendants, as aforesaid, the Plaintiff, Robert Minutola, suffered injuries which are serious, severe and permanent, including, but not limited to: torn right rotator cuff which required surgical repair; cervical strain and sprain; lumbar strain and sprain; aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

28. By reason of the injuries sustained as aforesaid, the Plaintiff, Robert Minutola, has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

29. As a further result of the carelessness, negligence and recklessness of the Defendants, as aforesaid, Plaintiff has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

30. As an additional result of this incident and negligence of the Defendants, as aforesaid, the Plaintiff, Robert Minutola, has suffered a severe loss of his earnings and impairment of his earning capacity and/or power, and has thereby lost the emoluments which would have come to him through the course of his employment.

31. As a further result of this collision, Plaintiff, Robert Minutola, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

32. As a direct and proximate result of the carelessness and negligence of the Defendants, as aforesaid, Plaintiff, Robert Minutola, has suffered in the past and he will continue to suffer in the future, excruciating and agonizing aches, pains, mental anguish, humiliation, suffering, disfigurement, limitation and restriction of his usual activities, pursuits and pleasures.

WHEREFORE, Plaintiff, Robert Minutola, demands judgment against the Defendants, Thomas Eric Long and Miguel Angel Gamboa, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

## COUNT III

### ROBERT MINUTOLA v. DONALD L. GIVENS and CARIE ANN GIVENS

33. Plaintiff herein incorporates by reference the allegations contained in paragraphs 1 through 32 above, inclusive, as fully as though the same were set forth herein at length.

34. The aforesaid collision was caused by the recklessness, carelessness and negligence of the Defendants, individually and/or jointly, and consisted of the following:

a. Failing to stop for traffic at a red light;

b. Failing to maintain a safe distance between vehicles;

c. Failing to have the 2000 Chevrolet Van under proper and adequate control under the circumstances;

d. Failing to operate the 2000 Chevrolet Van at a safe speed under the circumstances;

e. Failing to act with due regard for the point and position of all of the motor vehicles on the highway, and in particular, the safety of the Plaintiff;

f. Failing to keep a proper and adequate lookout for any motor vehicles traveling on the roadway, and, in particular, the Plaintiff's vehicle;

g. Failing to operate the 2000 Chevrolet Van, with due care and prudence at the point aforesaid;

h. Violating the various ordinances, statutes and laws of the State of Delaware, pertaining to the operation of motor vehicles, including inattentive Driving.

i. Defendant, Donald L. Givens, negligently consented and entrusted his vehicle to Defendant, Carie Ann Givens, who he knew or should have known, would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness.

j. Defendant, Donald L. Givens, in being otherwise careless, reckless, negligent and wanton in the operation and entrustment of his vehicle or in selection or training of his agents, servants or employees.

35. As a result of the aforesaid collision, which was caused by the recklessness, carelessness and negligence of the Defendants, as aforesaid, the Plaintiff, Robert Minutola, suffered injuries which are serious, severe and permanent, including, but not limited to: torn right rotator cuff which required surgical repair; cervical strain and sprain; lumbar strain and sprain; aggravation, acceleration and/or activation of any pre-existing condition or conditions regarding same, as well as a severe shock to his emotional, psychological and nervous systems, all of which have caused, continue to cause and probably in the future will cause him great pain and agony.

36. By reason of the injuries sustained as aforesaid, the Plaintiff, Robert Minutola, has been and may continue to be hindered from attending his daily duties, functions, occupations and avocations, to his great detriment and loss.

37. As a further result of the carelessness, negligence and recklessness of the Defendants, as aforesaid, Plaintiff has suffered severe physical pain, mental anguish and humiliation, severe psychological pain and suffering, and loss of life's pleasures and may continue to do so for an indefinite period into the future.

38. As an additional result of this incident and negligence of the Defendants, as aforesaid, the Plaintiff, Robert Minutola, has suffered a severe loss of his earnings and impairment of his earning capacity and/or power, and has thereby lost the emoluments which would have come to him through the course of his employment.

39. As a further result of this collision, Plaintiff, Robert Minutola, has been, or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

40. As a direct and proximate result of the carelessness and negligence of the Defendants, as aforesaid, Plaintiff, Robert Minutola, has suffered in the past and he will continue to suffer in the future, excruciating and agonizing aches, pains, mental anguish, humiliation, suffering, disfigurement, limitation and restriction of his usual activities, pursuits and pleasures.

WHEREFORE, Plaintiff, Robert Minutola, demands judgment against the Defendants, Donald L. Givens and Carie Ann Givens, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus delay damages, along with costs and fees.

ALFRED V. ALTOPIEDI, ESQUIRE
Attorney for Plaintiff
902 Old Marple Road
Springfield, PA 19064
(610) 544-1800

08-222

**ORIGINAL**

≈JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Robert Minutola

### DEFENDANTS
Richard David Spiering; Thomas Eric Long; Miguel Angel Gamboa; Donald L. Givens; Carie Ann Givens

(b) County of Residence of First Listed Plaintiff  **Delaware, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Caroline, MD**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alfred V. Altopiedi, 902 Old Marple Road, Springfield, PA 19064
(610) 544-1800

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332
Brief description of cause:
Multi-vehicle rear end collision in Sussex County, DE

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/15/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 8 - 2 2 2

FILED
APR 24 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

__4/18/08__
(Date forms issued)

_____
(Signature of Party or their Representative)

__Alfred V. Altopiedi, Esq.__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action