## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT MINUTOLA, | : |
| | : CIVIL ACTION - LAW |
| Plaintiff, | : |
| | : C.A. No.:   08-222 |
| v. | : |
| | : |
| RICHARD DAVID SPIERING, | : |
| THOMAS ERIC LONG, MIGUEL | : JURY TRIAL DEMANDED |
| ANGEL GAMBOA, DONALD L. | : |
| GIVENS and CARIE ANN GIVENS, | : |
| | : |
| Defendants. | : |

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES
FILED ON BEHALF OF DEFENDANTS
<u>DONALD L. GIVENS AND CARIE ANN GIVENS</u>**

Defendants, Donald L. Givens and Carie Ann Givens, through their attorneys, Kent & McBride, P.C. hereby submit this Answer with Affirmative Defenses to Plaintiff's Complaint and aver as follows:

### <u>COMPLAINT</u>

1. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

2. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

3. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

4. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

5. Admit.

6. Admit.

7. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

8. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

9. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

10. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

11. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

12. Admitted that Defendant Donald L. Givens owned, maintained, serviced and controlled a 2000 Chevrolet Van, bearing Delaware registration plate # PC172590. Denied as to this vehicle being involved in the collision as mentioned and described in Plaintiff's Complaint.

13. Denied.

14. Admitted.

15. Admitted in part and Denied in part. Admitted the Court has jurisdiction based upon diversity of citizenship. Denied that this Court has jurisdiction based upon the requisite amount in controversy.

16. Admitted in part and Denied in part. Admitted that on or about August 22, 2006, at approximately 1:55 p.m. several motor vehicles including Defendant Givens' vehicle were traveling northbound on US 13 (Sussex Highway) near its intersection with Concord Road,

Sussex County, Delaware.  Denied that Defendants Donald L. and Carie Givens individually and/or jointly with the other named Defendants caused their vehicle to strike the rear of the last motor vehicle in the line of traffic, causing a chain reaction collision, whereby Plaintiff's vehicle was struck and whereby Plaintiff sustained severe and permanent injury.

## COUNT I

## ROBERT MINUTOLA v. DAVID SPIERING

17. Answering Defendants repeat each of the foregoing averments as if fully and completely set forth at length herein.

18. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph including sub-paragraphs a through h.

19. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

20. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

21. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

22. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

23. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

24. Denied.  Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

## COUNT II

## ROBERT MINUTOLA v. THOMAS ERIC LONG and MIGUEL ANGEL GAMBOA

25. Answering Defendants repeat each of the foregoing averments as if fully and completely set forth at length herein.

26. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph including sub-paragraph sections a through j.

27. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

28. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

29. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

30. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

31. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

32. Denied. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this paragraph.

## COUNT III

### ROBERT MINUTOLA v. DONALD L. GIVENS and CARIE ANN GIVENS

33. Answering Defendants repeat each of the foregoing averments as if fully and completely set forth at length herein.

34. Denied including sub-paragraph sections a through j.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the damages claimed by Plaintiff are not recoverable under applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants, at all relevant times hereto, complied with all applicable federal, state and other statutes and regulations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were pre-existing prior to this accident, or, were the result of another accident subsequent to this event.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages as a result of his alleged injuries are barred to the extent that he was Contributorily Negligent in sustaining those injuries.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff were proximately caused by an intervening and/or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent the negligence of the Plaintiff exceeds the negligence, if any, of Answering Defendant, recovery by the Plaintiff is barred. To the extent the negligence of Plaintiff is not greater than the negligence, if any, of Answering Defendant, any damages sustained by the Plaintiff must be reduced in proportion to his own fault pursuant to 10 Del. C. §8132.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails for insufficiency of process and fails for insufficiency of service of process upon Defendant. Plaintiff's Complaint against Answering Defendants should be dismissed *sua sponte*.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused in whole or in part, by the acts and/or omissions of entities or persons beyond the control or supervision of Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable, or claimed liable, for the injuries alleged in this action, has been given, or may hereafter be given, a release or covenant not to sue, Answering Defendants will be entitled to the corresponding reduction of any damages which may be determined to be due against Answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

No act or omission by Answering Defendants proximately caused or contributed to any of the damages alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants hereby reserve the right to interpose such other defenses as discovery may disclose.

## CROSS-CLAIM FOR CONTRIBUTION

Answering Defendants deny that they have any liability whatsoever to Plaintiff. However, if Answering Defendants are held liable to answer to Plaintiff under the allegations against them in the Complaint, then all co-defendants are jointly and severally liable with Answering Defendants because of the allegations against them in the Complaint and, accordingly, Answering Defendants are entitled to contribution from said remaining co-defendant(s) in the amount which Answering Defendants may be required to pay the Plaintiff, and is also entitled to have the relative fault determined in accordance with 10 Del. C. §6302.

## ANSWER TO ALL PAST, PRESENT AND FUTURE CROSS-CLAIMS

Answering Defendants deny the allegations of any cross-claims which have been filed or may in the future be filed by any co-defendant against Answering Defendants and demand that such cross-claims be dismissed with prejudice.

**WHEREFORE**, Defendants Donald L. Givens and Carie Ann Givens demand judgment against the Plaintiff for costs.

                                                **KENT & MCBRIDE, P.C.**

By:    */s/ David C. Malatesta, Jr., Esq.*
          David C. Malatesta, Jr. Esq. (#3755)
          1105 Market Street, Suite 500
          Wilmington, DE 19801
          (302) 777-5477
          Attorney for Defendants
          Donald and Carie Givens

<u>Dated:</u>    <u>May 15, 2008</u>