## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT MINUTOLA, | § § | |
| Plaintiff, | § § | C.A. No. 08-222 |
| v. | § § | TRIAL BY JURY DEMANDED |
| RICHARD DAVID SPIERING, THOMAS ERIC LONG, MIGUEL ANGEL GAMBOA, DONALD L. GIVENS and CARIE ANN GIVENS, | § § § § | |
| Defendants. | | |

### ANSWER OF DEFENDANT SPIERING WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

1. Admitted upon reliance on representations made by Plaintiff.

2. Admitted.

3. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

4. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

5. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

6. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

7. Admitted upon reliance on representations made by Plaintiff.

8. Admitted.

9. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

10. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

11. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

12. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

13. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

14. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

15. Denied. Admitted only that there is diversity of citizenship among the parties to this action.

16. Denied. Admitted only that on or about August 22, 2006, a motor vehicle collision occurred which involved the vehicles being operated by Plaintiff, Defendant Gamboa, Defendant Carie Givens, and Answering Defendant.

**COUNT I**

**ROBERT MINUTOLA V. RICHARD DAVID SPIERING**

17. Answers to paragraphs 1 though 16 are incorporated herein by reference and made a part hereof.

18. Denied in whole and as to each of its parts.

19. Denied. Specifically denied that Answering Defendant was reckless, careless or

negligent in any manner. Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

20. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

21. Denied. Specifically denied that Answering Defendant was reckless, careless or negligent in any manner. Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

22. Denied. Answering Defendant specifically denies that he was negligent in any manner. Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

23. Denied. Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

24. Denied. Answering Defendant specifically denies that he was careless or negligent in any manner. Answering Defendant has insufficient knowledge to ascertain the veracity of the remainder of this allegation.

## COUNT II

**ROBERT MINUTOLA V. THOMAS ERIC LONG AND MIGUEL ANGEL GAMBOA**

25. Answers to paragraphs 1 through 24 are incorporated herein by reference and made part hereof.

26. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

27. This allegation is not directed to Answering Defendant and requires no response

thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

28. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

29. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

30. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

31. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

32. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

## COUNT III

### ROBERT MINUTOLA V. DONALD L. GIVENS AND CARIE ANN GIVENS

33. Answers to paragraphs 1 through 32 are incorporated herein by reference and made a part hereof.

34. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering

Defendant has insufficient knowledge to ascertain the veracity of this allegation.

35. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

36. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

37. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

38. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

39. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

40. This allegation is not directed to Answering Defendant and requires no response thereto. To the extent that an answer is required, this allegation is denied by reason that Answering Defendant has insufficient knowledge to ascertain the veracity of this allegation.

**FIRST AFFIRMATIVE DEFENSE**

41. This Court lacks jurisdiction by reason that Plaintiff's damages do not meet the amount in controversy requirement.

## SECOND AFFIRMATIVE

42. Plaintiff's causes of action are barred in whole or in part by the provisions of the Delaware Comparative Negligence Act.

Plaintiff was comparatively negligent in the following manner:

a. He operated his vehicle in a careless or imprudent manner without due regard for the road and traffic conditions then existing, in violation of 21 *Del.C.*§4176(a);

b. He stopped or decreased speed suddenly and without giving the appropriate signal in violation of 21 *Del. C.* §4155(a);

c. He was otherwise negligent.

## THIRD AFFIRMATIVE DEFENSE

43. If Plaintiff sustained the injuries as alleged in his Complaint, which is herein strictly denied, then such injuries were caused by the acts or omissions of entities/individuals over which/whom Answering Defendant had no control nor legal duty to control.

## FOURTH AFFIRMATIVE DEFENSE

44. At all times material hereto, Answering Defendant acted with due care and proper care under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff's injuries were pre-existing or otherwise not causally related to the incident at issue.

## SEVENTH AFFIRMATIVE DEFENSE

47. An intervening event occurred which precludes Answering Defendant's actions from

having a causal relationship of any kind with Plaintiff's alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

48. If Plaintiff sustained any injuries in the incident at issue in this action, then Plaintiff has reached maximum medical improvement regarding such injuries.

## NINTH AFFIRMATIVE DEFENSE

49. Answering Defendant hereby gives notice that he intends to rely upon any other affirmative defenses which become available or apparent during pretrial discovery or litigation proceedings in this action and hereby reserves the right to assert all such affirmative defenses as though they were fully set forth herein

### Cross Claim Against Co-Defendants Miguel Gamboa and Carie Ann Givens

50. Answering Defendant denies that he is liable for any damages Plaintiff alleges in any respect.  In the event that Answering Defendant is held liable to Plaintiff then Answering Defendant cross claims against Co-Defendants Miguel Gamboa and Carie Ann Givens on the grounds that the actions and/or omissions of Co-Defendants Miguel Gamboa and Carie Ann Givens were the primary cause of Plaintiff's damages so that Answering Defendant is entitled to indemnification from Co-Defendants Miguel Gamboa and Carie Ann Givens.

51. In the event that Answering Defendant is held primarily liable to Plaintiff, then the wrongful acts of Co-Defendants Miguel Gamboa and Carie Ann Givens are contributing causes to the damages sustained by Plaintiff and Answering Defendant is entitled to contribution in any amount which it may be required to pay to Plaintiff as a result of the Co-Defendants' wrongful act based on relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* §6302.

WHEREFORE, Answering Defendant respectfully requests that this Honorable Court

grant judgment in his favor and against Plaintiff, dismissing all claims against him and awarding him costs incurred in this litigation or, in the alternative, granting judgment in his favor and against Co-Defendants, awarding him indemnification and/or contribution from all Co-Defendants jointly and severally.

                                    LAW OFFICE OF CYNTHIA G. BEAM

                                    /s/ Carol J. Antoff
                                    **Carol J. Antoff, Esquire (I.D. #3601)**
                                    Christiana Executive Campus
                                    131 Continental Drive, Suite 407
                                    Newark, DE 19713-4301
                                    (302) 292-6660
Date: June 11, 2008                  Attorney for Defendant Spiering

## **CERTIFICATION OF SERVICE**

I, the undersigned, do hereby certify on this 11th day of June, 2008, that a true and correct copy of Defendant Spiering's Answer has been served electronically, to the following:

Alfred V. Altopiedi, Esquire
902 Old Marple Road
Springfield, PA 19064
Attorney for Plaintiff

Gordon L. McLaughlin, Esquire
Law Offices of Gordon L. McLaughlin
1203 North Orange Street
Wilmington, DE 19801

David C. Malatesta, Jr., Esquire
Kent & McBride, P.C.
1105 Market Street, Suite 500
Wilmington, DE 19801

LAW OFFICE OF CYNTHIA G. BEAM

/s/ Carol J. Antoff
**Carol J. Antoff, Esquire (I.D. #3601)**
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Defendant Spiering

F:\2008\08nk00213\E-Filed Pleadings\Answer.doc